IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL KARNUTH, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 03-742 |
| | : | |
| RODALE, INC. | : | |

Diamond, J.                                                                                           July 18, 2005

## MEMORANDUM

David Wisniewski seeks to represent a class of people he claims Defendant Rodale enrolled in an annual book program in violation of federal and state law. Because Wisniewski's predecessor, Michael Karnuth, was an inadequate representative, I denied class certification. Wisniewski now moves for class certification. I grant Wisniewski's motion in part.

## BACKGROUND AND PROCEDURAL HISTORY

On February 25, 2003 Karnuth filed his original Complaint, alleging that in 2001 he received two unsolicited books from Defendant. (Compl. at ¶¶ 1, 7-10). In his first motion to certify a class, Karnuth sought to represent "all persons who, without prior consent, received books and other products from Defendant and an invoice for payment for such books and products," as well as a subclass of "all members of the class who paid, in part or whole, the invoices for such books and products for personal, family, or household purposes." (Id. at ¶ 15). Discovery revealed that contrary to the allegations in his Complaint, Karnuth apparently had ordered and paid for an "unordered" Rodale publication. The Honorable Franklin Van Antwerpen deferred ruling on certification until the parties could resolve this discrepancy. See Karnuth v. Rodale, Inc., 2003 U.S. Dist. LEXIS 12095, *8-10 (E.D. Pa. 2003); see also, Karnuth v. Rodale, Inc., 2005 U.S. Dist. LEXIS

1

5241, *3-4 (E.D. Pa. 2005).

Because his Original Complaint included allegations that were, at best, misleading, Karnuth filed an Amended Complaint in which he made materially different allegations, this time acknowledging that he actually ordered and paid for a Rodale publication. (Amended Compl. at ¶¶ 7-8). In light of the significant differences between Karnuth's two versions of events, I concluded that Karnuth's credibility problems "could certainly divert the jury's 'attention from the substance of the basic claim,' and thus harm 'the remaining class members.'" Karnuth, 2005 U.S. Dist. LEXIS 5241, *8 (E.D. Pa. 2005) (quoting Kline v. Wolf, 88 F.R.D. 696, 700 (E.D.N.Y. 1983)). Accordingly, I denied the Class Certification Motion without prejudice. Given counsel's statement that he could easily find another representative without Karnuth's credibility problems, I allowed counsel to substitute a new class representative and to renew the certification motion. (N.T. March 7, 2005 at 45:22-25).

On April 13, 2005, counsel substituted David Wisniewski as the putative class representative. In his initial and amended notices of substitution, Wisniewski alleged that he received an order card that "was materially similar" to that received by Karnuth in 2000. (Notice of Substitution at ¶¶ 2, 4, 5) (Amended Notice of Substitution at ¶¶ 4-7). Wisniewski alleged that he ordered a Rodale publication, subsequently received other publications that he did not order, and was forced to pay for the unordered books to preserve his credit rating. Although Wisniewski's recollection of the sequence of events is imprecise, his allegations are materially similar to those that Karnuth made in his Amended Complaint. Wisniewski charges that Rodale violated the Postal Reorganization Act, Pennsylvania's Unsolicited Merchandise Act, Pennsylvania's Unfair Trade Practices and Consumer Protection Law, and similar provisions in other states. See 39 U.S.C. § 3009; 73 P.S. § 2001; 73 P.S.

§§ 201-2 et seq. Wisniewski asks me to certify a class of "all persons who are or have been enrolled in Rodale's Annual Programs and received books from Rodale and invoices for payment of such books, within 6 years preceding the filing of Plaintiff's Class Action Complaint." (Amended Compl. at ¶ 36). Wisniewski also asks me to certify a subclass, defined as "all members of the class who paid, in part or whole, the invoices for such books for personal, family or household purposes." (Id.)

## LEGAL STANDARDS

To certify this matter as a class action, I must conclude that Wisniewski satisfies all the prerequisites of Fed. R. Civ. P. 23(a), and fulfills at least one of the requirements of Rule 23(b). See Georgine v. Amchem Products, Inc., 83 F.3d 610, 624 (3d Cir. 1996), aff'd, 521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997); Nelson v. Astra Merck, Inc., No. 1283, 1998 U.S. Dist. LEXIS 16599 (E.D. Pa. 1998). The threshold requirements of Rule 23(a) are numerosity, commonality, typicality, and adequacy of representation. FED. R. CIV. P. 23(a). Wisniewski seeks certification pursuant the Rule 23(b)(3), which requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). As the party seeking certification, it is Wisniewski's burden to show that the class should be certified. See Freedman v. Arista Records, 137 F.R.D. 225, 227 (E.D. Pa. 1991) (citing Davis v. Romney, 490 F.2d 1360, 1366 (3d Cir. 1974).

In determining whether to certify, I must accept as true all substantive allegations in the Amended Complaint. See Blacki v. Barrack, 524 F.2d 891, 901 n. 17 (9th Cir. 1975), cert. denied, 429 U.S. 816, 97 S. Ct. 57, 50 L. Ed. 2d 75 (1976); see also Lyon v. Caterpillar, Inc., 194 F.R.D. 206, 209 (E.D. Pa. 2000); Steward v. Associates Consumer Discount Co., 183 F.R.D. 189, 193 (E.D.

Pa. 1998). I may look beyond the four corners of the Amended Complaint for purposes of class certification, but I may not consider "whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974) (internal quotations omitted).

## DISCUSSION

Rodale does not dispute that Wisniewski has met Rule 23(a)'s numerosity requirement. Accordingly, I will determine whether Wisniewski has met his burden respecting the other Rule 23 factors.

### I. Wisniewski's Claims Are Common To All Class Members

A party moving for class certification must show that there are "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). The test for commonality is not stringent: a single common issue of law or fact suffices. Johnston v. HBO Film Management, Inc., 265 F.3d 178, 184 (3d Cir. 2001). Here, the factual question of whether a class of Rodale subscribers received unordered books from Rodale is common to all class members, and affects all class members equally. Accordingly, I find that Wisniewski has shown commonality.

### II. Wisniewski's Imprecise Pleadings and Deposition Testimony Do Not Preclude Him From Adequately Representing Absent Class Members

Defendant argues that Wisniewski's credibility issues preclude him from meeting Rule 23's typicality requirement. See Johnston v. HBO Film Mgmt., Inc., 265 F.3d 178, 184 (3d Cir. 2001) ("the claims of the class representatives must be typical of the class as a whole."). The typicality requirement applies not just to a representative's claims but also to the defenses that may be raised against those claims. FED. R. CIV. P. 23(a)(3). Accordingly, as I noted when I denied Karnuth's

4

certification motion, "[c]ourts may deny class certification when the class representative is subject to a unique defense." Karnuth v. Rodale, Inc., No. 03-742, 2005 U.S. Dist. LEXIS 5241, *7-8 (E.D. Pa. 2005) (quoting J.H. Cohn & Co. v. American Appraisal Associates, Inc., 628 F.2d 994, 998-99 (7th Cir. 1980)).

The Amended Complaint is based in part on the allegation that the book order cards Rodale sent to its subscribers did not comply with federal disclosure requirements and so were misleading. (Amended Compl. at ¶¶ 29-32, 45-49). Rodale contends that because Wisniewski has admitted that he did not read the order card Rodale sent to him, he cannot credibly allege that the card was misleading. Wisniewski responds that whether or not subscribers were actually misled is irrelevant: Rodale sent unordered merchandise to its subscribers, thus violating the Federal Trade Commission's Prenotification Negative Option Rule, which Wisniewski contends is enforceable through the Postal Reorganization Act. In Wisniewski's view, that Rule sets forth an objective disclosure standard that Rodale's order cards did not meet. Thus, the focus of Wisniewski's claim is on the cards themselves, not on whether the cards actually misled subscribers. (N.T. June 27, 2005 at 4:4-5:12). Accordingly, Wisniewski contends that his failure to read Rodale's order card does not subject him to any unique credibility defense.

Rodale disputes that the FTC Rule may serve as an enforcement mechanism for the Postal Reorganization Act. (N.T. June 27, 2005 at 9). Rodale notes that there is absolutely no authority holding that "the FTC Negative Option Rule . . . impacts" the Postal Reorganization Act. Id. Rodale appears to be correct. I can find no authority linking the FTC Rule and the Postal Reorganization Act. Unfortunately for Rodale, however, this argument goes to the merits of Wisniewski's Amended Complaint -- something I may not consider at certification. See Newton v. Merrill Lynch, Pierce,

Fenner & Smith, Inc., 259 F.3d 154, 166-67 (3d Cir. 2001) (A court's consideration of whether class certification is appropriate under Rule 23 is not intended to be an inquiry into the merits of Plaintiff's claims). Should the issue be raised at summary judgment, I will consider it at that time.

For class certification purposes, I must assume that Wisniewski's contentions are valid. Thus, I conclude that Wisniewski's failure to read the order card does not defeat typicality. Crosley, No. SA-00-CA-385-EP, 2001 U.S. Dist. LEXIS 25222, *12; see also In re Nasdaq Market-Makers Antitrust Litig., 169 F.R.D. 493, 510 (S.D.N.Y. 1996) (typicality exists where representatives have incentive to prove all elements of the cause of action that would be presented by the class members if those members had initiated their own suits).

### III. Wisniewski Does Not Satisfy The Requirements Of Rule 23(b)(3) For Counts II and III

I must deny class certification as to Counts II and III because Wisniewski does not meet Rule 23's predominance and superiority requirements. FED. R. CIV. P. 23(b)(3).

In considering predominance, I must determine "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods. v. Windsor, 521 U.S. 591, 623, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). The predominance requirement is satisfied if the plaintiff establishes that "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof." Wal-Mart Stores, Inc. v. Visa USA Inc. (In re Visa Check/MasterMoney Antitrust Litig.), 280 F.3d 124, 136 (2d Cir. 2001). In considering superiority, I must determine whether a class action is "superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3).

In cases where "numerous state law variations [are] implicated by certification of a nationwide class," courts have found that the predominance and superiority requirements are not satisfied. See Lyon v. Caterpillar, Inc., 194 F.R.D. 206, 214-221 (E.D. Pa. 2000); Carpenter v. BMW of N. Am., Inc., 1999 WL 415390, *2 (E.D. Pa. 1999) (noting that "where the applicable law derives from the law of the 50 states, as opposed to a unitary federal cause of action, differences in state law will 'compound the [] disparities' among the class members from the different states").

Counts II and III of the Amended Complaint implicate the unsolicited merchandise and consumer fraud laws of all fifty states. (Amend. Compl. at ¶¶ 51, 56). Plaintiff argues that Pennsylvania law applies to all class members because Defendant is headquartered in Pennsylvania. Nonetheless, putative class members, "have a due process right to have their claims governed by state law applicable to their dispute." Lyon, 194 F.R.D. at 213. This Court has repeatedly held that under Pennsylvania choice of law principles, each class member would be subject to the consumer fraud statutes of the member's home state because "that state would have the paramount interest in applying its laws to protect its consumers." Id. at 218, n. 16; see also Carpenter, 1999 WL 415390 at *1-2; Truckway Inc. v. General Elec., 1992 WL 70575, at *7 (E.D. Pa. 1992); Matjastic v. Quantum Pharmics, Ltd., 1991 WL 238304 at *6 (E.D. Pa. 1991). Thus, were I to certify Counts II and III, I would be obligated to apply the consumer protection laws of all fifty states.

In these circumstances, Plaintiff must provide an "extensive analysis" of state law variations to determine whether there are "insuperable obstacles" to class certification. See Walsh v. Ford Motor Co., 807 F.2d 1000, 1017 (D.C. Cir. 1986) (citing In re School Asbestos Litig., 789 F.2d 996, 1010 (3d Cir. 1986)); see also Chin v. Chrysler Corp., 182 F.R.D. 448, 453 (D.N.J. 1998) ("certification of a nationwide class in which the law of the 50 states, rather than federal law, must

7

be identified and applied, places the burden upon plaintiffs to credibly demonstrate, through an extensive analysis of state law variances, that class certification does not present insuperable obstacles.") (internal quotations omitted).

The consumer fraud statutes of the various states are not uniform. See BMW of North America, Inc., v. Gore, 517 U.S. 559, 568-69, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996) ("No one doubts that a state may protect its citizens by prohibiting deceptive trade practices. . . But the states need not, and in fact do not, provide such protection in a uniform manner."); Lyon, 194 F.R.D. at 218 (noting that the consumer fraud acts of Alabama, Georgia, Mississippi, and South Carolina do not allow the use of class actions by private litigants); see also John S. Kiernan, Michael Potenza, Peter Johnson, Developments in Consumer Fraud Class Action Law, 537 PLI/PAT 237, 277 (1998) (noting that actionable conduct under the various consumer fraud acts varies considerably). This Court has noted that the:

> almost universal reluctance to certify such class actions [based on the various states' consumer fraud acts] stems not only from the exponential multiplication of individual issues . . . but also from a practical recognition that distilling the laws of the fifty states. . . on the causes of action brought by consumer fraud plaintiffs would be an impossibly difficult task.

Lyon, 194 F.R.D. at 219 (internal quotations omitted) (brackets in original).

Here, Plaintiff has not analyzed any of the fifty states' consumer protection laws, and has failed to address the variations among applicable consumer fraud statutes. Because these variations create an insuperable obstacle, I am obligated to deny class certification as to Counts II and III with prejudice. In re School Asbestos Litig., 789 F.2d 996, 1010 (3d Cir. 1986) (noting that "there will be a point at which the sheer magnitude of the task of construing the various laws will compel a court not to certify the multistate class") (internal quotations omitted).

In light of my decision, I need not address Rodale's remaining arguments against certification as to Counts II and III.

An appropriate Order follows.

BY THE COURT:

_____
Paul S. Diamond, J.